IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONNECIA B. WEBB, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:12-cv-5138-M (BF) |
| § | |
| MIDLAND MORTGAGE, MORTGAGE § | |
| ELECTRONIC REGISTRATION § | |
| SYSTEMS, and BARRETT DAFFIN § | |
| FRAPPIER TURNER & ENGEL, LLP, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Midland Mortgage, a division of MidFirst Bank ("MidFirst"), Mortgage Electronic Registration Systems ("MERS"), and Barrett Daffin Frappier Turner & Engel, LLP ("BDFT&E"), have filed a joint motion to dismiss this *pro se* civil action brought by Donnecia B. Webb to prevent the foreclosure of her home. In her state court petition,[1] Plaintiff generally contends that Defendants lack standing to foreclose because none of them can prove it is a holder in due course of her mortgage note. *See* Plf. Orig. Pet. at 3-4, 6-7, 21-22. Plaintiff asserts claims for wrongful foreclosure, quiet title, and a declaratory judgment that she owns her home free and clear of any lien in favor of Defendants. *See id.* at 1, 8-9. Defendants move to dismiss all of Plaintiff's claims and causes of action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff failed to file a written response to

---

[1] Plaintiff originally filed this action in Texas state court. Defendants timely removed the case to federal court on the basis of diversity of citizenship and the assertion that BDFT&E was improperly joined as a party because Plaintiff failed to allege any facts that would support a claim against the law firm. *See* Doc. 1 at 4, ¶ 12.

the motion. Accordingly, the Court considers the motion without the benefit of a response.

As a threshold matter, the Court must determine whether BDFT&E should be disregarded as an improperly joined defendant for purposes of diversity jurisdiction. A defendant alleging improper joinder has the heavy burden of demonstrating either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). Under the second prong, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non-diverse defendant. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Here, Plaintiff's original petition names BDFT&E as a defendant, but fails to allege any actionable facts specific to BDFT&E. Instead, Plaintiff's factual allegations focus upon conduct by MidFirst and MERS in failing to prove the validity of the lien that entitles them to initiate foreclosure proceedings against her home. *See* Plf. Orig. Pet. at 19-22. To the extent the petition refers to conduct by "Defendants," such conduct is not specifically attributed to BDFT&E. Accordingly, Plaintiff has no reasonable basis for recovering on any claim against BDFT&E, and its citizenship must be disregarded for jurisdictional purposes. *See Griggs*, 181 F.3d at 699. BDFT&E should be dismissed from this lawsuit, and Defendants' motion to dismiss should be denied as moot with respect to Plaintiff's claims against BDFT&E. *Adams v. Chase Bank*, No. 3:11-CV-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907

(N.D. Tex. Jun.12, 2012) (where non-diverse party found to be improperly joined, defendant is dismissed, and any motion made by it is moot).

Turning to the merits of Defendants' motion, a district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

The gravamen of Plaintiff's claims is that MidFirst and MERS lack authority to foreclose because they have not proven their status as a holder of her mortgage note by producing the "original ink signed note." *See* Plf. Orig. Pet. at 3-4; 5, ¶ 16; 6, ¶ 18; 7. Plaintiff's assertions implicate the so-called "show-me-the-note" theory, which the Fifth Circuit has unambiguously rejected as having no merit. *Martins v. BAC Home Loans Serv., L.P.*, --- F.3d ----, 2013 WL 3213633 (5th Cir. Jun. 26,

3

2013) (affirming dismissal of claims based on theory that only the holder of the note has lawful power to initiate a non-judicial foreclosure). Texas law simply does not require possession or production of the original note as a condition precedent to foreclosure. *Id.*; *see also* TEX. PROP. CODE ANN. § 51.002(a)-(h) (setting forth requirements for nonjudicial foreclosure in Texas, which do not include producing the original note). To the extent Plaintiff premises her claims on allegations that Defendants lack authority to foreclose on her home because they have not proven their status as a holder of her mortgage note by producing the original note, such claims fail and are subject to dismissal under Rule 12(b)(6).

Nor has Plaintiff pled sufficient facts to state a claim for wrongful foreclosure or quiet title. In Texas, the elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Biggers v. BAC Home Loans Serv., LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing cases). Because an inadequate selling price is a necessary element of a wrongful foreclosure claim, a foreclosure sale is a precondition to recovery. *Id.*; *see also Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App. 1977, no writ) (Texas courts do not recognize claim for "attempted wrongful foreclosure"). Plaintiff only alleges that Defendants are "threatening to foreclos[e]" on her property, Plf. Orig. Pet. at 3, not that a foreclosure sale actually occurred or that the price that was paid was grossly inadequate. Thus, Plaintiff has failed to plead a plausible claim for wrongful foreclosure. *Biggers*, 767 F.Supp.2d at 730; *see also Smith v. J.P. Morgan Chase Bank N/A*, No. H-10-3730, 2010 WL 4622209, at *2-3 (S.D. Tex. Nov. 4, 2010) (dismissing wrongful foreclosure claim under Rule 12(b)(6) where no foreclosure sale occurred).

To prevail on her quiet title claim, Plaintiff must show that: (1) she has an interest in a specific property; (2) her title to the property is affected by a claim by Defendants; and (3) Defendants' claim to the property, although facially valid, is invalid or unenforceable. *See, e.g. Vernon v. Perrien*, 380 S.W.3d 47, 61 (Tex. App. -- El Paso 2012, pet. denied). Plaintiff "must prove and recover on the strength of [her] own title, not the weakness of [her] adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. -- Corpus Christi 2001, no pet.). Although Plaintiff states that she "took the bank up on its offer to loan ... its money" and signed a "promissory note/mortgage" as well as a "security agreement/instrument," Plf. Orig. Pet. at 19, she does not allege that she is current on her loan payments and not in default such that she would have an interest in her home that is superior to that of any lien holder seeking to foreclose. Plaintiff's contention that Defendants' claim to her property is invalid because they cannot produce the note is without merit. *See Martins*, 2013 WL 3213633. Thus, Plaintiff has failed to state a claim for quiet title upon which relief can be granted. *See Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (dismissing quiet title claim where plaintiff failed to allege facts that, if true, would establish superior title).

To the extent Plaintiff has attempted to state a claim on any other substantive grounds, including breach of contract, fraud, or negligence, *see* Plf. Orig. Pet. at 8, 10, her vague assertions offer nothing more than labels, conclusions, and formulaic recitations of the elements of various causes of action. Plaintiff does not plead enough facts to permit the reasonable inference that MidFirst or MERS is liable for any misconduct with respect to her mortgage or the threatened foreclosure. Consequently, Plaintiff has failed to plead any other claim with sufficient specificity to avoid dismissal.

5

Finally, Plaintiff's request for a declaratory judgment is dependent upon the assertion of a viable cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) (declaratory judgment is only a procedural device for granting a remedy and does not create any substantive rights or causes of action). Because Plaintiff has failed to allege facts to support any claim upon which relief can be granted, her request for declaratory relief cannot survive and also should be dismissed. *Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. Jul. 3, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## RECOMMENDATION

The District Court should dismiss Defendant BDFT&E from this lawsuit as an improperly joined defendant, and DENY as moot Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 5) with respect to Plaintiff's claims against BDFT&E. The District Court should GRANT Defendants' Motion in all other respects, and DISMISS Plaintiff's claims with prejudice.[2]

\

---

[2] Ordinarily, the Court would allow Plaintiff to amend her complaint in an attempt to cure the pleading defects identified by Defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiff never sought leave to amend her initial pleading, even after Defendants pointed out numerous deficiencies in their Rule 12(b)(6) motion to dismiss. Nor did she respond to Defendants' motion to dismiss. In fact, Plaintiff has not taken any action with respect to her case since it was removed from state court. The Court therefore determines that Plaintiff is unwilling or unable to amend her complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice of *pro se* action after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz*, 2012 WL 1836095, at *7 (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

SO RECOMMENDED, July 9, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).